UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JENNY THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| LAKE COUNTY CORONER'S OFFICE, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Jenny Thompson ("Thompson"), by counsel, against Defendant, Lake County Coroner's Office ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. §2000e *et. seq*.

**II. PARTIES**

2. Thompson is a resident of Lake County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant maintains offices and routinely conducts business in Lake County, Indiana which is within the geographical boundaries of the Northern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Thompson was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Thompson satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination (Charge No. 470-2025-05221) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her sex and retaliation. Thompson received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Northern District of Indiana; thus, venue is proper in this court.

### IV.   FACTUAL ALLEGATIONS

9. Thompson, who is female, was hired by Defendant on or about May 21, 2021, as a Medicolegal Death Investigator.

10. At all relevant times, Thompson met or exceeded Defendant's legitimate performance expectations.

11. On or about August 6, 2024, Thompson filed a Charge of Discrimination regarding gender discrimination. Specifically, she complained of comments made by a fellow investigator that violated gender stereotypes. Thompson initially complained internally to the Defendant; however, after she complained she was retaliated against when Defendant refused to allow her to use a desk when she was performing Path duties.

12. Since no remedial action was taken and she was instead retaliated against for making her complaint, Thompson filed with the EEOC. Her Charge Number is 470-2025-05221.

13. On or about January 31, 2025, Thompson filed a second Charge of Discrimination alleging that she was being subjected to a hostile work environment and disparate treatment based on her gender and in retaliation for having raised gender discrimination issues.

14. Specifically, she complained to the Lake County Coroner's Office administration of gender-based harassment on November 2, 2024. In response to her complaint, Defendant refused to allow her to continue to perform pathology assistant duties. Her Charge Number is 470-2025-05221.

15. Shortly after Respondent received notice of Thompson's second charge of discrimination, it terminated her employment. On or about May 9, 2025, Defendant terminated Thompson's employment for alleged "collaboration issues." Defendant's stated reason is a pretext for continued gender discrimination and retaliation for Thompson's prior protected activity.

16. Similarly situated males, such as Ryan Parker and Mark Klein, were not terminated when similar collaboration issues were raised. Neither Parker nor Klein have filed a Charge of Discrimination against the Defendant.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII - SEX DISCRIMINATION

17. Thompson hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint as if the same were set forth at length herein.

18. Defendant terminated Thompson's employment on the basis of her sex.

19. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*.

20. Defendant's actions were willful, intentional, and done with reckless disregard for Thompson's civil rights.

21. Thompson has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: TITLE VII - RETALIATION

22. Thompson hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint as if the same were set forth at length herein.

23. Defendant terminated Thompson's employment in retaliation for engaging in a protected activity.

24. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*.

25. Defendant's actions were willful, intentional, and done with reckless disregard for Thompson's civil rights.

26. Thompson has suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Jenny Thompson, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their sex and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of Title VII;

6. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

7. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: /s/ *Andrew Dutkanych III*
Andrew Dutkanych, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 N. Delaware Street
Indianapolis, Indiana 46204
Office:      (317) 991-4765
Facsimile:   (812) 424-1005
E-Mail:      ad@bdlegal.com

*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jenny Thompson, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: /s/ *Andrew Dutkanych III*
Andrew Dutkanych, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 N. Delaware Street
Indianapolis, Indiana 46204
Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: ad@bdlegal.com

*Attorney for Plaintiff*